IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARTHA K. MINGA                                                                                           PLAINTIFF

V.                                                                          CIVIL ACTION NO. 1:24-CV-10-DAS

REGIONS BANK, INC. D/B/A
REGIONS BANK D/B/A REGIONS
MORTGAGE, AND CORELOGIC
TAX SERVICES, LLC                                                                                        DEFENDANTS

ORDER AND MEMORANDUM OPINION

      This matter is before the court on Defendant CoreLogic Tax Services, LLC's Motion to Dismiss. Because the parties have consented to a magistrate judge conducting all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion. After reviewing the parties' submissions, the record, and the applicable law, the court is prepared to rule.

*Relevant Background*

      The plaintiff Martha K. Minga ("Minga") filed her Complaint against the defendants Regions Bank, Inc. d/b/a Regions Bank d/b/a Regions Mortgage ("Regions") and CoreLogic Tax Services, LLC ("CoreLogic") on December 8, 2023, in the Circuit Court of Monroe County, Mississippi, and the case was removed on January 16, 2024.

      On or about June 7, 2012, Minga executed a Deed of Trust in favor of Regions which secured her home and surrounding property as security for her loan. Minga states she paid the property taxes on her home annually. Yet in 2013, 2014, and 2015, Minga claims Regions, through CoreLogic, attempted to pay property taxes for Minga's home but, instead, paid the property taxes for a different property and then erroneously charged those payments to Minga's escrow account. As a result, Minga received delinquency notices, was charged late fees and

inspection fees, and was reported to credit reporting agencies. In 2017, Regions corrected these errors and paid Minga $5,000 as compensation.

However, the erroneous tax payments resumed for the 2016, 2017, and 2019 tax years, resulting again in improper charges to Minga's escrow account, delinquency notices, and threats of legal action including foreclosure. In correspondence dated December 11, 2020, Regions acknowledged its errors, corrected Minga's mortgage account, removed the erroneous escrow payments, late charges and inspection fees, and stated that it had contacted credit reporting agencies to acknowledge its errors.

Minga asserts claims for negligence, gross negligence, and negligent inflection of emotional distress[1] against CoreLogic for erroneously assessing and paying property tax fees on her property and then improperly charging those tax payments to her mortgage account at Regions. She alleges that CoreLogic's negligent actions caused her to suffer physical and emotional distress, including anxiety, depression, and loss of sleep and agitation and seeks compensatory and punitive damages.

CoreLogic seeks dismissal of all claims under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). CoreLogic argues Minga's claims are time-barred by the applicable three-year statute of limitations under Mississippi Code Annotated § 15-1-49 and alternatively claims she has failed to state a plausible claim for negligent or intentional infliction of emotional distress or fraud.[2]

---

[1] Minga's response to the motion to dismiss abandons her fraud claim and clarifies she is only claiming negligent – not intentional – infliction of emotional distress.
[2] See fn. 1.

*Analysis and Discussion*

Before turning to the merits of the CoreLogic's arguments, the court must address a preliminary matter.

CoreLogic's motion was filed on February 22, 2024, and Minga did not submit her response until April 11, 2024 – well beyond the fourteen-day period permitted by Local Uniform Civil Rule 7(b)(4). Minga did not move for leave to file an out-of-time response, but instead Minga's counsel acknowledged the untimely filing in her response brief and, citing a series of personal hardships in 2022 and 2023, explained that the response deadline was merely overlooked. Even if the court were to strike Minga's response as untimely, it is prohibited from granting CoreLogic's motion to dismiss as unopposed and must still consider the motion on its merits. *See* L. U. Civ. R. 7(b)(3)(E) ("If a party fails to respond to any motion, *other than a dispositive motion*, within the time allotted, the court may grant the motion as unopposed.") (emphasis added).

Minga has not established the requisite good cause for her failure to timely respond or move for an extension of time to submit her response. Nevertheless, because the issue before the court is dispositive, the court will accept Minga's untimely response and consider the fully briefed motion on its merits.

I.     Legal Standard

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must liberally construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded facts as true. *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005). Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor" and "rarely granted." *Brown v. Phoenix Life Ins. Co.*, 843 F. App'x 533, 538-39 (5th Cir. 2021). The complaint cannot be dismissed so long as it states a

claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claim has facial plausibility. *Id*. Though a "formulaic recitation of the elements" will not suffice, Rule 8 "does not require detailed factual allegations." *Id*. So long as the plaintiff's complaint "raise[s] a right to relief above the speculative level," it will survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

 II. *Statute of Limitations*

Minga's claims for negligence, gross negligence, and negligent infliction of emotional distress against CoreLogic are governed by a three-year statute of limitations under Mississippi Code Annotated § 15-1-49. *See Peoples Bank of Biloxi v. McAdams*, 171 So. 3d 505, 508 (Miss. 2015) (three-year statute of limitations for negligence and gross negligence claims); *see also Breeden v. Buchanan*, 164 So. 3d 1057, 1061-1062 (Miss. Ct. App. 2015) (three-year statute of limitations for negligent infliction of emotional distress claims). To show that Minga's claims are barred by the statute of limitations, CoreLogic must prove that the cause of action accrued outside the statute's limitation period. *Jenkins v. Pensacola Health Tr., Inc.*, 933 So. 2d 923, 927 (Miss. 2006). The statute "begin[s] to run when the [Minga] should have reasonably known of some negligent conduct, even if [she] does not know with absolute certainty that the conduct was legally negligent." *Sarris v. Smith*, 782 So. 2d 721, 725 (Miss. 2001). Upon this showing, the burden shifts Minga to "show some legal or equitable basis for avoiding such period of limitations." *Hall v. Dillard*, 739 So.2d 383, 387–88 (Miss. Ct. App. 1999).

Minga's Complaint does not allege any actionable conduct attributable to CoreLogic occurring within the three-year statute of limitations, *i.e.*, between December 8, 2020, and

December 8, 2023 – the date she filed her Complaint. Minga alleges that "Regions employed CoreLogic to determine [her] alleged ad valorem tax delinquency and to enforce payment" and that CoreLogic demanded repayment of the improper tax payments." This includes the improper tax payments and related charges "through at least the tax year 2019." There is no question that Minga knew of CoreLogic's negligent conduct between 2012 and 2019 as she states she "made repeated attempts by contacting Regions to explain Regions' repeated and continuing error in said improper payments and improper charging of her mortgage account." Thus, the failure to allege any negligent conduct by CoreLogic after December 8, 2020, is fatal to Minga's claims against CoreLogic.

However, for the first time in her response, Minga references actions that occurred within the limitations period. Minga states Regions negligently charged fourteen inspection fees for inspections of her home from March 17, 2021, until April 18, 2022 – specifically stating "*Regions'* neglect continued by the no less than 14 imposition of inspection charges through April 18, 2022." (emphasis supplied.). This allegation does not appear in the Complaint.³ She further contends Regions did not remove all the improper charges from her account until December 14, 2020 (the Complaint alleges this occurred "on or about December 11, 2020"). Referencing this newly alleged conduct, Minga argues Regions' and CoreLogic's negligent actions "constitute[ed] one continuing violation," *i.e.*, a continuing tort that is sufficient to toll the statute of limitations. Even accepting as true the factual allegations that do not appear in Minga's Complaint, she has failed to "show some legal or equitable basis for avoiding such period of limitations" for the following reasons. *Hall*, 739 So.2d at 387–88.

---

³ Minga's response provides "[t]hese continued imposition of late charges upon Ms. Minga's mortgage account, although alluded to in her Complaint, were not specifically set out by date, which will be by a soon forthcoming amended Complaint, if permitted by the Court to be filed pursuant to a soon forthcoming Motion for leave to file an Amended Complaint." As of the date of this order, no such motion has been filed.

First, the only conduct alleged to have occurred *after* December 8, 2020, is attributed only to Regions. The Complaint alleges that in correspondence dated December 11, 2020, *Regions* acknowledged its errors, corrected Minga's mortgage account, removed the erroneous escrow payments, late charges and inspection fees, and stated that it had contacted credit reporting agencies to acknowledge its errors. The allegations contained in Minga's response to CoreLogic's motion to dismiss similarly attribute the alleged imposition of fourteen inspection fees between March 17, 2021, and April 18, 2022, only to Regions. To the extent Minga is attempting to legally attribute Regions' actions to CoreLogic, she has offered no support for this contention. In fact, she takes conflicting positions in her Complaint and response to the instant motion. Minga argues in her response that as its employer, Regions' negligent actions are attributable to CoreLogic. Yet her Complaint alleges the opposite: that "the negligent acts and actions of CoreLogic, as Regions' agent and employee, are, as a matter of law, attributable to Regions."

Even if Minga's allegation that "Regions' neglect continued by the no less than fourteen imposition of inspection charges through April 18, 2022" were attributable to CoreLogic, it does not establish a continuing tort sufficient to toll the statute of limitations. The continuing tort doctrine is reserved for situations where a defendant commits repeated acts of wrongful conduct but does not apply where harm reverberates from a single act. *Bellum v. PCE Constructors, Inc.,* 407 F.3d 734, 742 (5th Cir. 2005); *Stevens v. Lake,* 615 So.2d 1177, 1183 (Miss. 1993). It is the repeated conduct, not the repeated injury that tolls the statute of limitations. *Sunbeck v. Sunbeck,* 2011 WL 5006430, *4 (N.D. Miss. Oct. 20, 2011).

> [W]here a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury, or when the tortious acts cease. Where the tortious act has been completed, or the tortious acts have

> ceased, the period of limitations will not be extended on the ground of a continuing wrong.
>
> A 'continuing tort' is one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action. A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects for an original violation.

*Stevens,* 615 So.2d at 1183 (quoting C.J.S. *Limitations of Actions* § 177)).

The Fifth Circuit's decision in *Hazzard v. Chase Manhattan Corporation* is instructive in evaluating Minga's argument that the defendants' actions constitute a continuing tort. *Hazzard v. Chase Manhattan Corp.*, 2001 WL 1465376 (5th Cir. Oct. 23, 2001).[4] In *Hazzard*, the plaintiff asserted a negligence claim against the Chase Manhattan Corporation ("Chase") for inaccurate credit card billing. The plaintiff's credit card was stolen, the theft was reported to Chase, and his account was closed and a new one opened. However, Chase continued to send the plaintiff inaccurate bills and his account was ultimately referred to a credit collection agency. Chase ultimately admitted its mistake and corrected its error, but the plaintiff's failure to pay the inaccurate bills resulted in a bad credit record and disqualified him from obtaining various loans.

Like Minga's arguments herein, Hazzard claimed Chase's failure to correct its mistake over an eight-year period was a continuing tort. However, the Fifth Circuit held that the harm arose from the original alleged negligence in improperly calculating the plaintiff's credit card bill eight years earlier; and the continued efforts to collect on the improper charge were not "continual unlawful acts" sufficient to toll the statute of limitations. *Id*. at 2.

Similarly, the last act of negligence alleged against CoreLogic is the 2019 erroneous property tax payment. Minga's assertions that the "continual obstinate refusal and neglect of

---

[4] *See also Buntyn v. JP Morgan Chase Bank, N.A.*, 2014 WL 652946, at *4 (S.D. Miss. Feb. 20, 2014) (holding that the doctrine of continuing tort does not apply to toll the statute of limitations on claims for wrongful foreclosure, because the harm "reverberates from a wrongful act," not a continuing wrong).

Regions and Corelogic Tax to listen to, understand and act upon her continual attempts to explain the Defendants' errors, and correct the errors on Ms. Minga's mortgage account record" and the "continued imposition of late charges upon Ms. Minga's mortgage account" are the continued ill effects of the original alleged negligence and are insufficient to toll the statute of limitations.

      Because Minga's claims against CoreLogic are time-barred, the court will not evaluate CoreLogic's alternative argument that Minga failed to state a plausible claim for negligent infliction of emotional distress. For the foregoing reasons, CoreLogic's motion to dismiss is GRANTED.

      SO ORDERED, this the 27th day of June, 2024.

    /s/ David A. Sanders
    UNITED STATES MAGISTRATE JUDGE