IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARTHA K. MINGA                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:24-CV-10-DAS

REGIONS BANK, INC. ET AL                                                          DEFENDANTS

ORDER AND MEMORANDUM OPINION

This matter is before the court on Defendant Regions Bank, Inc., d/b/a Regions Mortgage ("Regions") Motion for Judgment on the Pleadings. Because the parties have consented to a magistrate judge conducting all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion. After reviewing the parties' submissions, the record, and the applicable law, the court is prepared to rule.

*Relevant Background*

The plaintiff Martha K. Minga ("Minga") filed her Complaint against Regions and CoreLogic Tax Services, LLC ("CoreLogic") on December 8, 2023, in the Circuit Court of Monroe County, Mississippi, and the case was removed on January 16, 2024.

On or about June 7, 2012, Minga executed a Deed of Trust in favor of Regions which secured her home and surrounding property as security for her loan. Minga states she paid the property taxes on her home annually. Nevertheless in 2013, 2014, and 2015, Minga claims Regions, through CoreLogic,[1] attempted to pay property taxes for Minga's home but, instead, paid the property taxes for a different property and then erroneously charged those payments to Minga's escrow account. As a result, Minga received delinquency notices, was charged late fees

---

[1] CoreLogic was dismissed from this action in the court's Order and Memorandum Opinion granting CoreLogic's motion to dismiss. Doc. 35. The Complaint attributes the alleged conduct to both Regions and CoreLogic; however, because the claims against CoreLogic have been dismissed, the court will only address the plaintiff's claims as to Regions.

and inspection fees, and was reported to credit reporting agencies. In 2017, Regions corrected these errors and paid Minga $5,000 as compensation.

However, the erroneous tax payments resumed for the 2016, 2017, and 2019 tax years, resulting again in improper charges to Minga's escrow account, delinquency notices, and threats of legal action including foreclosure. In correspondence dated December 11, 2020, Regions acknowledged its errors, corrected Minga's mortgage account, removed the erroneous escrow payments, late charges and inspection fees, and stated that it had contacted credit reporting agencies to acknowledge its errors.

Minga asserts claims for negligence, gross negligence, and negligent inflection of emotional distress[2] against Regions and CoreLogic[3] for erroneously assessing and paying property tax fees on her property and then improperly charging those tax payments to her mortgage account at Regions. She alleges that Regions' and CoreLogic's negligent actions caused her to suffer physical and emotional distress, including anxiety, depression, and loss of sleep and agitation and seeks compensatory and punitive damages.

Regions seeks dismissal of all claims under Federal Rule of Civil Procedure 12(c). Regions argues Minga's claims are time-barred by the applicable three-year statute of limitations under Mississippi Code Annotated § 15-1-49, are preempted and time-barred by the Fair Credit Reporting Act, and fail to state a claim for fraud.[4]

---

[2] Minga's response to the motion for judgment on the pleadings clarifies that she is not alleging intentional infliction of emotional distress and states her "allegation of fraud in her Complaint will be withdrawn in her anticipated amended Complaint." Minga filed a motion to amend her complaint which will be addressed herein.

[3] Minga's Complaint attributes CoreLogic's "negligent acts and actions… as Regions' agent and employee" to Regions.

[4] See fn. 2.

*Analysis and Discussion*

I.  *Legal Standard*

Rule 12(c) of the Federal Rules of Civil Procedure authorizes a party to move for

judgment on the pleadings. FED. R. CIV. P. 12(c). "A Rule 12(c) motion may dispose of a case

when there are no disputed material facts and the court can render a judgment on the merits

based on the substance of the pleadings and any judicially noted facts." *Walker v. Beaumont*

*Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019).

"A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure is subject to the same standard as a Rule 12(b)(6) motion to dismiss." *Salts v.*

*Moore*, 107 F.Supp.2d 732, 735 (N.D. Miss. 2000). Accordingly, "[t]he central issue is whether,

in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *In re*

*Katrina Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted). Stated differently,

"the issue is not whether the plaintiff will ultimately prevail, but whether it is entitled to offer

evidence to support its claims." *Oceanic Exploration Co. v. Phillips Petroleum Co. ZOC*, 352 F.

App'x 945, 950 (5th Cir. 2009) (citing *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir.

2007)). The Court will "accept well-pleaded facts as true and construe the complaint in the light

most favorable to the plaintiff, but . . . [will] not accept as true 'conclusory allegations,

unwarranted factual inferences, or legal conclusions.'" *Id*. (citing *Ferrer*, 484 F.3d at 780).

II.  *Statute of Limitations*

Minga's claims for negligence, gross negligence, and negligent infliction of emotional

distress against Regions are governed by a three-year statute of limitations under Mississippi

Code Annotated § 15-1-49. *See Peoples Bank of Biloxi v. McAdams*, 171 So. 3d 505, 508 (Miss.

2015) (three-year statute of limitations for negligence and gross negligence claims); *see also*

*Breeden v. Buchanan*, 164 So. 3d 1057, 1061-1062 (Miss. Ct. App. 2015) (three-year statute of limitations for negligent infliction of emotional distress claims). To show that Minga's claims are barred by the statute of limitations, Regions must prove that the cause of action accrued outside the statute's limitation period. *Jenkins v. Pensacola Health Tr., Inc.*, 933 So. 2d 923, 927 (Miss. 2006). The statute "begin[s] to run when [Minga] should have reasonably known of some negligent conduct, even if [she] does not know with absolute certainty that the conduct was legally negligent." *Sarris v. Smith*, 782 So. 2d 721, 725 (Miss. 2001). Upon this showing, the burden shifts Minga to "show some legal or equitable basis for avoiding such period of limitations." *Hall v. Dillard*, 739 So.2d 383, 387–88 (Miss. Ct. App. 1999).

In an earlier decision, the court found that all of Minga's claims against CoreLogic were time-barred and provided a thorough analysis of the inapplicability of the continuing tort doctrine to sustain Minga's claims. The same analysis applies to Minga's claims against Regions, and the same outcome is warranted.

Minga's Complaint does not allege any actionable conduct attributable to Regions occurring within the three-year statute of limitations, *i.e.*, between December 8, 2020, and December 8, 2023 – the date she filed her Complaint. She claims that beginning in 2013, Regions erroneously paid the ad valorem taxes assessed against her home and surrounding property, resulting in delinquency notices, late fees, inspection fees, and reporting to credit reporting agencies. After Regions corrected these errors and compensated Minga in 2017, Minga contends the improper payments resumed for the 2016 tax year "through at least the tax year 2019," after which Regions "acknowledged in writing its errors, corrected Minga's mortgage account, and removed all of said improper, "escrow" payments, late charges, inspection costs and stated it had contacted credit reporting agencies to acknowledge [its] error[s]" on or about

December 11, 2020. There is no question that Minga had knowledge of the alleged negligent conduct between 2013 and 2019 as she states "[d]uring all of this time [she] made repeated attempts by contacting Regions to explain Regions' repeated and continuing error in said improper payments and improper charging of her mortgage account…." Thus, the failure to allege any negligent conduct by Regions within the limitations period is fatal to Minga's claims and warrants dismissal of this action.

III.    *Motion to Amend*

For the first time in her response to Regions' motion for judgment on the pleadings, Minga references conduct that is alleged to have occurred within the limitations period. She states

> [a]ssuming, for the sake of argument, that the three-year statute of limitations was not tolled, Regions did not remove all of the improper charges from Ms. Minga's mortgage account until December 14, 2020, which was within the three-year statute of limitations, and late charges were negligently charged against Ms. Minga's mortgage account on 14 occasions between the dates of March 17, 2021 and April 18, 2022.

In this response, Minga argues the continuing tort doctrine applies to Regions' conduct occurring between March 17, 2021, and April 18, 2022, effectively tolling the statute of limitations and allowing her to recover for Regions alleged negligence.

This newly alleged conduct is the subject of Minga's Motion to Amend, filed on July 9, 2024, nearly three months after she indicated in her response to the motion for judgment on the pleadings that a motion to amend would be "soon forthcoming." The motion to amend offers no basis for the proposed Amended Complaint, but Regions' response in opposition takes care to note the proposed changes. Notably, the proposed Amended Complaint states "for the period of time not later than March 17, 2021 until April 18, 2022 Minga's mortgage account was charged with no fewer than 14 inspection fees for inspections of her home." It continues,

Regions negligence consisted, not only of the erroneous ad valorem tax payments for the tax years 2017 and 2019, but in its continuing failure to remove said improper charges to Plaintiff's mortgage account and also the improper assessment of inspection fees on Minga's mortgage account from March 17, 2021 until April 18, 2022.

Minga claims these actions "constitute[e] a continuing tort" under Mississippi law.

### a. Legal Standard

A party desiring to amend its complaint, where it is not permitted to do so as matter of course, must receive written consent of the opposing party or obtain leave of court. Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 15(a) states that the court should "freely give leave when justice so requires," and the Fifth Circuit has held that "[a]mendments should be liberally allowed." Fed. R. Civ. P. 15(a); *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (citations omitted). The district court must have a "substantial reason" to deny a request for leave to amend. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citing *Jamieson v. Shaw,* 772 F.2d 1205, 1208 (5th Cir.1985)).

The court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment" in determining whether to grant a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003). Therefore, we review the proposed amended complaint under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 873 (5th Cir.2000) (citation internal and quotation marks omitted).

      *b.  Analysis*

This court addressed Minga's new allegations against Regions in its Order and Memorandum Opinion dismissing CoreLogic. There, assuming *arguendo* that the conduct alleged against Regions was attributable to CoreLogic, the court held "it does not establish a continuing tort sufficient to toll the statute of limitations." The court's lengthy discussion of the continuing tort doctrine therein is entirely applicable here:

> The continuing tort doctrine is reserved for situations where a defendant commits repeated acts of wrongful conduct but does not apply where harm reverberates from a single act. *Bellum v. PCE Constructors, Inc.,* 407 F.3d 734, 742 (5th Cir. 2005; *Stevens v. Lake,* 615 So.2d 1177, 1183 (Miss. 1993). It is the repeated conduct, not the repeated injury that tolls the statute of limitations. *Sunbeck v. Sunbeck,* 2011 WL 5006430, *4 (N.D. Miss. Oct. 20, 2011).
>
>> [W]here a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury, or when the tortious acts cease. Where the tortious act has been completed, or the tortious acts have ceased, the period of limitations will not be extended on the ground of a continuing wrong.
>>
>> A 'continuing tort' is one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action. A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects for an original violation.
>
> *Stevens,* 615 So.2d at 1183 (quoting C.J.S. *Limitations of Actions* § 177)).
>
> The Fifth Circuit's decision in *Hazzard v. Chase Manhattan Corporation* is instructive in evaluating Minga's argument that the defendants' actions constitute a continuing tort. *Hazzard v. Chase Manhattan Corp.*, 2001 WL 1465376 (5th Cir. Oct. 23, 2001).[5] In *Hazzard*, the plaintiff asserted a negligence claim against the Chase Manhattan Corporation ("Chase") for inaccurate credit card billing. The plaintiff's credit card was stolen, the theft was reported to Chase, and his account was closed and a new one opened. However, Chase continued to send the plaintiff inaccurate bills and his account was ultimately referred to a credit collection agency. Chase ultimately admitted its mistake and corrected its error, but the

---

[5] *See also Buntyn v. JP Morgan Chase Bank, N.A.*, 2014 WL 652946, at *4 (S.D. Miss. Feb. 20, 2014) (holding that the doctrine of continuing tort does not apply to toll the statute of limitations on claims for wrongful foreclosure, because the harm "reverberates from a wrongful act," not a continuing wrong).

plaintiff's failure to pay the inaccurate bills resulted in a bad credit record and disqualified him from obtaining various loans.

[…] Hazzard claimed Chase's failure to correct its mistake over an eight-year period was a continuing tort. However, the Fifth Circuit held that the harm arose from the original alleged negligence in improperly calculating the plaintiff's credit card bill eight years earlier; and the continued efforts to collect on the improper charge were not "continual unlawful acts" sufficient to toll the statute of limitations. *Id*. at 2.

Minga's proposed Amended Complaint falls short of alleging the "continual unlawful acts" required to sustain a continuing tort and instead misconstrues the "continual ill effects" of Regions erroneous tax payments as repeated wrongful conduct. Just like in *Hazzard*, Regions alleged failure to remove improper charges from Minga's mortgage account and its improper assessment of inspection fees between March 2021 and April 2022 are the continued ill effects of Regions erroneous property tax payments and, therefore, are insufficient to toll the statute of limitations making the proposed Amended Complaint futile.[6]

IV.    *Conclusion*

For the reason set forth in detail above, Regions Motion for Judgment on the Pleadings is GRANTED, and Minga's Motion to Amend is DENIED. This case is CLOSED.

SO ORDERED, this the 29th day of August, 2024.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[6] Minga's proposed Amended Complaint does not allege that the inspection fees assessed between March 17, 2021, and April 18, 2022, resulted from negligent conduct wholly separate from Regions' ad velorem tax payments between 2013 and 2019. If Minga is intending to allege that Regions' improper assessment of inspection fees during this subsequent time period is unrelated to the allegedly erroneous tax payments and gives rise to a new cause of action entirely, she should move for reconsideration, specifically clarifying how that alleged conduct is distinct.